# EXHIBIT A

Rita Bahlibi
7 New York Avenue NE
Washington, DC 20002
303-641-3780
rita.bahlibi@gmail.com
Plaintiff In Pro Per

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/10/2025 4:23 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Mejia, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| Rita Bahlibi, <br><br> Plaintiff, <br><br> vs. <br><br> L'ORÉAL USA S/D, INC., a Delaware corporation; CVS PHARMACY, INC., a Rhode Island corporation; and DOES 1 through 50, inclusive; <br><br> Defendant(s). | Case No.: 25SMCV02941 <br><br> **COMPLAINT** <br><br> 1. Strict Products Liability <br> 2. Negligence <br> 3. Breach of Implied Warranty <br><br> **DEMAND FOR JURY TRIAL** |

1. **Jurisdiction.** This Court has jurisdiction over this action because it arises under California state law and concerns injuries sustained in Los Angeles County, California.

2. **Venue.** Venue is proper in the Superior Court of California, County of Los Angeles, pursuant to Code of Civil Procedure § 392(a), because the injury giving rise to this Complaint occurred at Plaintiff's residence in Los Angeles (ZIP 90049), and this case qualifies as an unlimited civil tort action for personal injury.

3. **Intradistrict Assignment.** This action is properly assigned to the West District, Santa Monica Courthouse, based on the location of Plaintiff's residence and where the injury occurred. Although Plaintiff initially filed in the Central District pursuant to Local Rule 2.3(a)(1)(A), the court rejected the filing and directed the case to be submitted in the West District under the court's current filing protocols.

4. Plaintiff, Rita Bahlibi, is an individual who, at all times relevant to this Complaint, resided in the City of Los Angeles, California, and now resides in Washington, D.C.

- 1 -

5. Defendant L'Oréal USA S/D, Inc. ("L'Oréal") is a Delaware corporation registered to do business in California, with its registered agent for service of process located at CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

6. Defendant CVS Pharmacy, Inc. ("CVS") is a Rhode Island corporation registered to do business in California, with its registered agent for service of process located at CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203.

7. The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

8. The amount in controversy exceeds the jurisdictional minimum of this Court. Plaintiff does not state a specific dollar amount of damages in compliance with California Code of Civil Procedure § 425.10.

**GENERAL ALLEGATIONS**

9. On June 13, 2023, Plaintiff applied a bottle of CeraVe Psoriasis Moisturizing Cream with Salicylic Acid that she had purchased from the CVS store located at 3202 Wilshire Blvd, Santa Monica, CA 90403.

10. The product, manufactured and labeled by Defendant L'Oréal, was advertised as a treatment for dry, scaly skin and marketed as safe and moisturizing. Plaintiff used the product in accordance with general expectations and without knowledge of potential adverse effects from its ingredients.

11. Shortly after applying the product to her lower legs, Plaintiff began experiencing a burning sensation, redness, and inflammation. The symptoms progressively worsened, and over the following weeks and months, she developed skin thickening and other changes, along with burning pain, dysesthesia (abnormal nerve sensations), numbness, and limited mobility.

12. Plaintiff was later diagnosed with irritant contact dermatitis caused by the product, as well as ongoing nerve pain and sensitivity. Plaintiff continues to undergo medical evaluation to determine the full extent and long-term impact of the nerve-related symptoms and physical impairments caused by the product. Her symptoms continue to severely disrupt her ability to sleep, exercise, and perform daily activities.

13. Although the bottle included general directions for use, the only safety-related warning — referencing application over a "large area" — was inconspicuously placed on the back label and lacked sufficient clarity or prominence. The product failed to adequately warn that even limited or typical use could result in chemical burns, nerve damage, or other systemic effects.

14. The product, designed, manufactured, and labeled by L'Oréal, was defectively designed, improperly labeled, and unsafe for its intended use. CVS sold and distributed the product to consumers, including Plaintiff, and is strictly liable for distributing a defective product and failing to ensure that adequate warnings were provided at the point of sale.

15. Plaintiff has a history of eczema and, at the time of use, observed only light scaling on her lower legs, with otherwise healthy skin. She does not have a diagnosis of psoriasis. The product was labeled as a moisturizing cream and marketed for dry, scaly, or irritated skin.

- 2 -

Complaint

Its front labeling did not clearly indicate that it was intended solely for individuals with medically diagnosed psoriasis. The label did not clearly warn that the product should only be used by people with psoriasis, or that using it on other skin conditions like eczema could cause serious harm. Plaintiff reasonably believed the product was safe for general consumer use, including for eczema, based on its presentation and lack of adequate warnings.

**FIRST CAUSE OF ACTION – STRICT PRODUCTS LIABILITY (Against All Defendants)**

16. Plaintiff realleges and incorporates by reference paragraphs 1 through 15.

17. Defendant L'Oréal designed, manufactured, and labeled the product in a defective condition that was unreasonably dangerous when it left its possession. Defendant CVS sold and distributed the defective product to Plaintiff and other consumers.

18. The product was defective in:
    a.  Design – the formulation, developed by L'Oréal, was inherently unsafe for typical consumer use;
    b.  Manufacturing – the product deviated from its intended composition during production or distribution;
    c.  Failure to Warn – the label, created and controlled by L'Oréal, failed to adequately disclose risks of nerve damage, burning, or other complications from normal use. CVS failed to ensure that such warnings were clearly presented at the point of sale.

19. Plaintiff used the product in a reasonably foreseeable manner.

20. As a direct and proximate result of the defects, Plaintiff suffered physical injuries, emotional distress, and economic losses, including medical expenses and disruption to her daily life and activities.

**SECOND CAUSE OF ACTION – NEGLIGENCE (Against All Defendants)**

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 20.

22. Defendant L'Oréal owed a duty to consumers to design, test, manufacture, and label the product with reasonable care. Defendant CVS owed a duty to ensure that the products it sold were accompanied by adequate warnings and were reasonably safe for consumer use.

23. L'Oréal breached its duty by failing to test the safety of the product adequately, failing to provide proper instructions and warnings, and failing to alert consumers of the risks associated with salicylic acid exposure over commonly affected skin areas. CVS breached its duty by selling and distributing the product without ensuring that consumers were properly warned of its dangers.

24. Defendants failed to consider the sensitivity of the target user population and the foreseeable risk of injury.

25. As a direct and proximate result, Plaintiff suffered chemical burns, nerve symptoms, chronic pain, and substantial limitations in mobility and comfort.

**THIRD CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY (Against All Defendants)**

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25.

27. Defendant L'Oréal, as the manufacturer, and Defendant CVS, as the seller, impliedly warranted that the CeraVe cream was of merchantable quality and safe for use on dry, scaly, or irritated skin.

28. The product failed to meet these expectations and was not suitable for the purpose for which it was marketed.

29. As a result of using the product, Plaintiff suffered physical injury and economic and non-economic damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

30. General and special damages according to proof at trial;

31. Medical expenses, past and future;

32. Loss of earnings and earning capacity;

33. Pain and suffering;

34. Punitive damages where applicable;

35. Prejudgment and postjudgment interest;

36. Costs of suit incurred herein; and

37. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

38. Plaintiff demands a trial by jury on all issues so triable.

DATED: June 10, 2025

_____

Rita Bahlibi
In Pro Per

- 4 -

Complaint

Exhibit A - Page 10